## Gramm Estate

*George S. Sauliner* and *Symington P. Landreth*, for petitioners.

*Max W. Gibbs*, for respondents.

VAN RODEN, P. J., March 13, 1964.—Pursuant to a petition filed on behalf of decedent's surviving sister, who is also the remainderman under his will, this court granted a citation directed to Loretta M. Kerper and Gertrude E. Murray, executrices under the will of Elizabeth M. Gramm, deceased, "to show cause why they should not file an account on behalf of their decedent as trustee under the will of Theodore K. Gramm."

The petition avers that Theodore K. Gramm died January 15, 1961. At the time of his death, he possessed a general power of appointment under a trust created by his mother. In item sixth of his will, he exercised the said power of appointment in the following manner:

"SIXTH: All the rest, residue and remainder of my estate, real, personal and mixed, including any estate over which I have power of appointment, having in mind particularly the power of appointment I have

under the Deed of Trust with the Provident Trust Company of Philadelphia dated May 31, 1946, created by my mother, Christianna K. Gramm, I give, devise, and bequeath absolutely for life to my wife, Elizabeth M. Gramm, with full power of consumption of the entire principal estate if, in her judgment, her needs require the consumption of the principal. In this connection I direct that any transfers or sales of securities which might be a part of my estate, may be made by her as though she were the sole and absolute owner without the interference of or consent of anyone else mentioned in this Will, or without any liability on the part of any transfer agent for making such transfer at her sole request. If any principal should remain at the time of the death of my wife, Elizabeth M. Gramm, then I give, devise and bequeath any remaining principal to my sister, Ida G. Betelle, absolutely. If my sister should predecease my wife, then I direct that any balance of my principal estate remaining upon the death of my wife shall be given to my three cousins, Bertram P. Rambo, Elinor Arlt and Helen A. Jackson in equal parts, or to the survivors or survivor of them.

"It is my desire that for her own protection, my wife create an agency account or trust account with the Provident Trust Company of Philadelphia to handle the investments of this portion of my estate herein given to her."

It is further alleged that in 1962, decedent's widow, Elizabeth M. Gramm, advised the Provident Tradesmens Bank and Trust Company, which had possession of certain securities representing the appointed property, that she desired the said securities to be transferred to her own name in order that the income might be increased, whereupon the securities were so transferred to her individually.

Decedent's widow died March 16, 1963. Her last will and testament in writing was duly probated in the

Office of the Register of Wills of Delaware County, and letters testamentary thereon were issued to respondents as executrices thereunder.

It is further alleged that respondents have full knowledge of the trust created under the will of Theodore K. Gramm and of the disposition of the securities held therein, that no accounting of the assets of the "trust estate" under the will of Theodore K. Gramm has been filed by the executrices of Elizabeth M. Gramm, "deceased trustee," and it is requested that respondents "file an account on behalf of their decedent as trustee under the will of Theodore K. Gramm."

Respondents filed an answer, averring that "the said securities were taken by the said Elizabeth M. Gramm for her own uses and consumption, thus terminating any trust which may have existed", admitting that respondents "have knowledge of the alleged trust", but it is "denied that respondents have any obligation or duty to file any accounting under the will of Theodore K. Gramm".

A hearing was held in open court on October 14, 1963. At that time, it was established that the value of the securities turned over by Provident Tradesmens Bank and Trust Company to Elizabeth M. Gramm amounted to $34,846.93, and that she converted the securities and invested the proceeds in certain mutual funds. It appears that the mutual fund investments were not fully disposed of by Elizabeth M. Gramm at the time of her death.

Thus, the narrow issue to be decided by this court is whether decedent, Theodore K. Gramm, intended by his will to create an absolute gift to his wife of the securities constituting the appointed estate under his mother's will, or whether he intended to create a trust for his wife's benefit for life, with power of consumption and with remainder in favor of his sister with respect to any unconsumed assets.

After a careful reading and study of decedent's will and after full consideration of the testimony and other evidence submitted at the aforementioned hearing, this court is of the opinion that it was decedent's intention, as expressed in his will, to create for the benefit of his wife a life estate in all assets derived through his mother's deed of trust dated May 31, 1946, conferring upon the said wife "full power of consumption of the entire principal estate if, in her judgment, her needs require the consumption of the principal," but further providing that "if any principal should remain at the time of the death of my wife, Elizabeth M. Gramm, then I give, devise and bequeath any remaining principal to my sister, Ida G. Betelle, absolutely".

Thus, it seems clear that it was decedent's intention that his wife should have the full benefit of the appointed estate, but that any consumption thereof was to be for her own benefit individually, and that any unconsumed assets should pass to his sister upon the death of his wife.

In Tyson's Estate, 191 Pa. 218 (1899), it was held that "The rule that a bequest of personalty with power to consume, sell and dispose of carries an absolute and unrestricted title to it, although there is a gift over of what is left to other parties, is not a rule of law, but a rule of construction in aid of discovery of testator's intent, and it will be applied only where the legatee has used and appropriated the property in an honest exercise of the discretion with which the testator has clothed him. He will not be permitted to make use of the mere form to defeat or evade the true intent, and pervert the gift to a different purpose. Thus, a legatee who has not used or consumed the property during life will not be permitted by will to give it to persons other than those designated by the testator": (syllabus)

In Rarick Estate, 13 Fiduc. Rep. 271 (1963), it was held that where a decedent devised and bequeathed his

entire estate to his wife, and then added the phrase "and upon her death everything left goes to our son", testator's wife took a life estate only, coupled with a power to consume, and that any unconsumed assets remaining at the wife's death would then pass to the son.

Thus, the court holds that in the instant case, Elizabeth K. Gramm had a life estate only with power to consume, and that any unconsumed assets remaining at her death must go to her husband's sister, Ida G. Betelle, by virtue of item sixth of his will. In view of the admission of respondents that the proceeds of conversion of the securities belonging to the trust estate created by decedent's mother can be traced to assets now held by his wife's estate, those assets are impressed with a trust in favor of decedent's sister. It follows, therefore, that respondents should be required to file an accounting with respect thereto.

Accordingly, the court enters the following

### Decree

And now, to wit, March 13, 1964, the above matter having come to be heard on petition, answer and proofs, and the court being of the opinion that respondents should be required to account to petitioner for unconsumed assets held by Elizabeth M. Gramm as life tenant under the will of Theodore K. Gramm, deceased; it is, therefore, ordered, adjudged and decreed as follows:

1. Respondents, Loretta M. Kerper and Gertrude E. Murray, executrices under the will of Elizabeth M. Gramm, deceased, are hereby directed to file an accounting of any and all assets held by Elizabeth M. Gramm at the time of her death, representing assets or proceeds of conversion of assets obtained by her from Provident Tradesmens Bank and Trust Company pursuant to the deed of trust of Christianna K. Gramm, settlor, dated May 31, 1946, in conformity with the provisions of item

sixth of the will of Theodore K. Gramm, deceased; said account to be filed within 30 days from and after the date hereof, with copy to be served upon counsel for Ida G. Betelle, remainderman under said will of Theodore K. Gramm, deceased.

2. The costs of this proceeding shall be paid out of the assets to be accounted for as above directed.

3. An exception is hereby allowed unto each party in interest.